IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30352 |
| | ) | (Chapter 11) |
| DRAIN SERVICES INC. | ) | |
| | ) | |
| Debtor. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| DRAIN SERVICES INC., | ) | |
| | ) | Adversary Case No. 23-07017 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL HOUDYSHELL, in his | ) | |
| official capacity as the Secretary of the | ) | |
| South Dakota Department of Revenue, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE STATE OF SOUTH DAKOTA, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Comes now Drain Services Inc. ("Drain Services" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7003 and Federal Rule of Civil Procedure 3, and as and for its complaint (the "Complaint") against Michael Houdyshell, in his official capacity as Secretary of the South Dakota Department of Revenue ("Sec. Houdyshell"), and the State of South Dakota ("South Dakota") states as follows:

**Introduction**

1.  This case challenges the constitutionality of South Dakota levying a sales tax on the services of a trustee serving pursuant to Subchapter V of Chapter 11 of Title 11 of the United States Code.

1

2. With the possible exception of New Mexico and one or more boroughs of Alaska, South Dakota is the lone domestic government actor that charges a sales tax upon the imposition of legal services, with said tax extending to the performance of trustee services in bankruptcy courts.

3. The only person currently performing Subchapter V trustee services in connection with cases actively pending in the United States Bankruptcy Court for the District of North Dakota is Thomas Kapusta ("Mr. Kapusta"), a South Dakota resident who provides said services primarily from Sioux Falls.

4. Since Mr. Kapusta lives and works in South Dakota, his services in this case are taxed by South Dakota, causing the Debtor and its estate to bear an economic burden in addition to the ordinary payment of fees for trustee services.

5. Debtors seeking Subchapter V bankruptcy relief in the overwhelming majority of states do not incur – or cause their estates to incur – sales taxes on the performance of trustee duties.

6. Drain Services maintains the assessment of a tax on trustee services in certain states, juxtaposed to the absence of such a levy in most states, invites the "arbitrary geographically disparate treatment of debtors," *Siegel v. Fitzgerald*, 596 U.S. 464, 476 (2022), in contravention of the constitutional mandate that there be "uniform Laws on the subject of Bankruptcies throughout the United States." U. S. Const., Art. I, § 8, cl. 4.

**Parties**

7. Drain Services is a North Dakota corporation and a debtor-in-possession, having petitioned for relief under Section 301 of Title 11 of the United States Code on October 2, 2023.

8. Sec. Houdyshell is the Secretary of the South Dakota Department of Revenue, having been appointed by Gov. Kristi Noem to said position effective April 1, 2022. Sec. Houdyshell is sued solely in his official capacity as the head of the South Dakota Department of Revenue, with said department being responsible for the collection of sales taxes imposed by the state.

9. South Dakota is, and at all times since 1889 has been, a constituent state of the United States of America.

## Jurisdiction and Venue

10. This Honorable Court enjoys jurisdiction over the instant proceeding, pursuant to the allowances of Section 157(b)(2)(A, B, O) of Title 28 of the United States Code, as this case concerns the administration of the Debtor's estate, the allowance of taxes as a component of professional fee claims against the Debtor's estate, and the liquidation of assets of the Debtor's estate.

11. Venue is properly laid in this Honorable Court pursuant to the allowances of Section 1334 of Title 28 of the United States Code, as this matter relates to a proceeding under Title 11 of the United States Code.

## General Allegations: Subchapter V

12. Small businesses seeking protection under Title 11 of the United States Code (the "Bankruptcy Code") are permitted to do so pursuant to the allowances of Subchapter V of Chapter 11 thereof. 11 U.S.C. § 1181, *et seq*.

13. Subchapter V bankruptcies require the appointment of a trustee who, in turn, is charged with the performance of various duties. 11 U.S.C. § 1183.

14. A trustee serving in a Subchapter V case is paid professional fees by the subject bankruptcy estate. 11 U.S.C. §§ 326(b); 330(a).

15. The fees paid to a Subchapter V trustee are an administrative obligation of a debtor's estate, 11 U.S.C. § 503(b)(2), must be paid through a confirmed plan of reorganization, 11 U.S.C. § 1129(a)(9)(A), and are to be paid even if a plan of reorganization is ultimately not confirmed, 11 U.S.C. § 1194(a).

### General Allegations: South Dakota Sales Tax

16. South Dakota imposes a sales tax on the performance of services by persons within the state. S.D. Codified Laws § 10-45-1, *et seq.*

17. Though South Dakota law exempts from taxation the proceeds of myriad professions (including rodeo clowns and amateur football referees), S.D. Codified Laws §§ 10-45-12.7; 10-45-90, the state nonetheless levies a tax on the performance of attorney, trustee, and fiduciary services, *Carda v. Sec'y of Health & Human Services*, 2016 WL 5224406, at *5 (Fed. Cl. 2016) ("South Dakota is one of the few states that requires attorneys to collect sales tax from their clients for professional services provided") (citing S.D. Codified Laws § 10-45-4 to 4.1).

18. Under South Dakota law, "[a]ny service as defined by § 10-45-4.1 shall be taxable, unless the service is specifically exempt from the provisions of this chapter." S.D. Codified Laws § 10-45-4.

19. With the possible exception of New Mexico, *In re Busetta-Silvia*, 314 B.R. 218, 220 n. 2 (B.A.P. 10th Cir. 2004) ("Apparently, New Mexico law requires the assessment of a tax on legal services. Other than the referral to the tax, the record is silent on this point."), and certain municipalities in Alaska, *Long v. Arnold*, 386 P.3d 1217, 1223 (Alaska 2016), South Dakota appears to be unique in imposing a sales tax on legal and fiduciary services.

20. The sales tax charged by South Dakota, on fiduciary and legal services, is passed along to the recipient(s) of said services. *Matter of State Sales Tax Liab. of Simpson*, 500 N.W.2d 624, 628 (S.D. 1993) ("Attorneys in South Dakota add sales tax to the fees charged to their clients by virtue of SDCL 10–45–22").

### General Allegations: Bankruptcy Clause

21. The Constitution affords Congress the "Power . . . To establish . . . uniform Laws on the subject of Bankruptcies throughout the United States." U.S. Const. art. I, § 8, cl. 4. (the "Bankruptcy Clause").

22. The Bankruptcy Clause "grants Congress exclusive power to regulate bankruptcy." *In re Gruntz*, 202 F.3d 1074, 1080 (9th Cir. 2000) (quoting *Kalb v. Feuerstein*, 308 U.S. 433, 439 (1940)), and "Congress can limit that jurisdiction which courts, State or Federal, can exercise over the person and property of a debtor who duly invokes the bankruptcy law," *Kalb*, 308 U.S. at 439.

23. In the words of the Supreme Court of the United States, "[t]he framers of the Constitution … granted plenary power to Congress over the whole subject of 'bankruptcies,' and did not limit it by the language used." *Hanover Nat. Bank v. Moyses*, 186 U.S. 181, 187 (1902).

24. Though different states are permitted to allow for different exemptions, *Moyses*, 186 U.S. at 181, and Congress may "fashion legislation to resolve geographically isolated problems," *Blanchette v. Connecticut Gen. Ins. Corps.*, 419 U.S. 102, 159 (1974), the Bankruptcy Clause "does not permit arbitrary geographically disparate treatment of debtors." *Siegel*, 596 U.S. at 476.

25. Avoiding the geographically disparate treatment of debtors requires ensuring that a petitioner in one state not be required to pay "more in fees compared to an identical debtor in" another state. *Siegel*, 596 U.S. at 479.

5

**General Allegations: Taxes in This Case**

26. On November 17, 2023, Mr. Kapusta filed his first interim application for fees in the Drain Services bankruptcy case, seeking payment of $4,730.00 for services rendered and, pursuant to South Dakota law, seeking to collect a 6.2% sales tax thereupon, in the sum of $293.26.

27. Mr. Kapusta has continued to furnish services in the Drain Services bankruptcy and will be required to ultimately file a final application for the allowance of his fees and expenses. 11 U.S.C. §§ 330; 331.

28. When asked if he was, in fact, required to collect sales taxes on his fees as Subchapter V trustee, Mr. Kapusta informed, *inter alia*, "I previously contacted the South Dakota Department of Revenue and put the question to them. Yes, I am obligated to collect tax on trustee services."

29. Mr. Kapusta's report of the position of the South Dakota Department of Revenue appears to be consistent with the statutory scheme of South Dakota.

30. The collection of taxes on the Debtor's estate is an economic burden to the detriment of the estate's creditors and the Debtor itself.

31. This economic burden only touches Subchapter V debtors in cases where the Subchapter V trustee is subject to the laws of South Dakota and, contrarily, does not inflict debtors whose cases are serviced by Subchapter V trustees from the overwhelming majority (if not entirety) of the other states of the union.

32. Drain Services maintains that, through absolutely no fault of Mr. Kapusta's, this regime amounts to the constituently-forbade "arbitrary geographically disparate treatment of debtors."

6

**Count I – Declaratory Judgment**

33. Drain Services repeats and realleges paragraphs 1-32 of this Complaint, as though fully set forth herein.

34. There exists an actual controversy between the Debtor and the Defendants herein, insofar as the Debtor maintains the State of South Dakota may not lawfully require bankruptcy estates to pay a tax for the receipt of trustee services, whereas South Dakota maintains a statutory scheme requiring such taxes to be collected and remitted, while Sec. Houdyshell oversees the collection of such levies.

35. This dispute is of a concrete and substantial variety, with an adjudication of the dispute being required to assess the economic burden, *vel non*, occasioned upon the Debtor's estate by the Defendants.

36. Inasmuch as Mr. Kapusta has already sought (and been awarded, on an interim basis) fees herein, this dispute is not hypothetical in nature and, instead, manifests in the form of a fully-ripe controversy.

WHEREFORE, Drain Services respectfully prays this Honorable Court (i) declare Section 10-45-4 of the South Dakota Codified Laws unconstitutional as applied to the collection of sales taxes from the estates of debtors in bankruptcy, where such taxes are collected pursuant to the provision of trustee services in the subject bankruptcy proceeding; (ii) permanently enjoin the Defendants from collecting any sales taxes from the Debtor (directly or through the conduit of Mr. Kapusta) in connection with the performance of Subchapter V trustee duties in this case; and (iii) afford such other and further relief as may be just and proper.

                                                 Respectfully submitted,

Dated: December 29, 2023     By:    /s/ Maurice B. VerStandig
                                                        Maurice B. VerStandig, Esq.
                                                        The Dakota Bankruptcy Firm
                                                        1630 1st Avenue N
                                                        Suite B PMB 24
                                                        Fargo, North Dakota 58102-4246
                                                        Phone: (701) 394-3215
                                                        mac@dakotabankruptcy.com
                                                        *Counsel for the Debtor*